**Fill in this information to identify your case:**

| | | | |
|---|---|---|---|
| Debtor 1 | **Latarrious Creshawn Ellison** | | |
| | Name: First | Middle | Last |
| Debtor 2 | **Chelie J'na Ellison** | | |
| (Spouse, if filing) | Name: First | Middle | Last |
| Case number: | | | |
| (If known) | | | |

Check if this is an amended plan ☐
Amends plan dated: _____

# Chapter 13 Plan

## Part 1: Notices

**To Debtor(s):** This form sets out options that may be appropriate in some cases, but the presence of an option on the form does not indicate that the option is appropriate in your circumstances. Plans that do not comply with local rules, administrative orders, and judicial rulings may not be confirmable.

*In the following notice to creditors, you must check each box that applies. Your failure to check a box that applies renders that provision ineffective.*

**To Creditors:** Your rights may be affected by this plan. Your claim may be reduced, modified, or eliminated.

You should read this plan carefully and discuss it with your attorney, if you have one in this bankruptcy case. If you do not have an attorney, you may wish to consult one.

If you oppose the plan's treatment of your claim or any provision of this plan, you or your attorney must file an objection to confirmation at least 7 days before the confirmation hearing, unless otherwise ordered. The Bankruptcy Court may confirm this plan without further notice if no objection to confirmation is made. See Bankruptcy Rule 3015. In addition, a proper proof of claim must be filed in order to be paid under this plan.

The following matters may be of particular importance to you. Debtor(s) must check each box that applies. Debtor(s)' failure to check a box that applies renders that provision ineffective.

☑ **The plan seeks to limit the amount of a secured claim, as set out in Part 3, § 3.2, which may result in a partial payment or no payment at all to the secured creditor.**

☐ **The plan requests the avoidance of a judicial lien or nonpossessory, nonpurchase-money security interest as set out in Part 3, § 3.4.**

☐ **The plan sets out nonstandard provision(s) in Part 9.**

## Part 2: Plan Payments and Length of Plan

**2.1** Debtor(s) will make regular payments to the trustee as follows:

**$260** per **Month** for **60** months

*Debtor(s) shall commence payments within thirty (30) days of the petition date.*

**2.2** Regular payments to the trustee will be made from future income in the following manner *(check all that apply)*:

☑ Debtor(s) will make payments pursuant to a payroll deduction. Debtor(s) request a payroll deduction is issued to:
**Kelly Services**
☐ Debtor(s) will make payments directly to the trustee.
☐ Other (specify method of payment)

**2.3** Income tax refunds and returns. *Check one.*

Software Copyright (c) 1996-2019 Best Case, LLC - www.bestcase.com                              Best Case Bankruptcy

☑ Debtor(s) will retain any income tax refunds received during the plan term.

☐ Debtor(s) will supply the trustee with a copy of each income tax return filed during the plan term within 14 days of filing the return and will turn over to the trustee income tax refunds received during the plan term, if any.

☐ Debtor(s) will treat income tax refunds as follows:

_____
_____

☐ Debtor(s) believe they are not required to file income tax returns and do not expect to receive tax refunds during the plan term.

**2.4** **Additional Payment** *Check all that apply.*

☑ **None.** *If "None" is checked, the rest of § 2.4 need not be completed or reproduced.*

**2.5** **Adequate Protection Payments**

Any adequate protection payments shall be made as part of this plan; see Part 3 or Part 9 for details. The secured creditor must file a proof of claim in order to receive payment. Unless otherwise ordered, adequate protection payments through the trustee shall be made as funds are available after the proof of claim is properly filed.

**Part 3:** **Treatment of Secured Claims**

**3.1** **Maintenance of payments and cure of defaults, if any, on long-term secured debts.** *Check one.*

☑ **None.** *If "None" is checked, the rest of § 3.1 need not be completed or reproduced.*

**3.2** **Request for valuation of security, claim modification, and hearing on valuation.** *Check one.*

☐ **None.** *If "None" is checked, the rest of § 3.2 need not be completed or reproduced.*

**The rest of § 3.2 will be effective only if the applicable box in Part 1 of this plan is checked.**

☑ Debtor(s) request that the court determine the value(s) of the collateral and the amount(s) of the secured claim(s) listed below. For each nongovernmental secured claim listed below, Debtor(s) state that the amount of the secured claim should be the *lesser* of (a) the amount of the secured claim listed on the creditor's proof of claim and (b) the amount set out in the column headed *Amount of Secured Claim.* For each listed claim, the amount of the secured claim will be paid in full with interest at the rate stated below. *If a nongovernmental creditor timely objects to the proposed value of the creditor's collateral or the proposed amount of the creditor's secured claim, the confirmation hearing shall include a valuation hearing pursuant to 11 U.S.C. § 506 and Bankruptcy Rule 3012 unless otherwise ordered. If a nongovernmental creditor whose claim is listed below fails to timely object, the creditor shall be deemed to have accepted the amount and treatment of the creditor's secured claim as set forth below.*

For nongovernmental creditors, unless otherwise provided by this plan or otherwise ordered, the portion of any allowed claim that exceeds the amount of the secured claim listed below will be treated as an unsecured claim under Part 5 of this plan, and, if the amount of a creditor's secured claim is listed below as having a value of zero, the creditor's allowed claim will be treated in its entirety as an unsecured claim under Part 5 of this plan. For nongovernmental creditors, unless otherwise ordered, the amount of the creditor's total claim listed on the proof of claim or amended proof of claim controls over any contrary amounts listed below, but the amount of that creditor's secured claim, the value of the collateral, and the interest rate are controlled by the plan.

The holder of any claim listed below as having value in the column headed *Amount of Secured Claim* will retain the lien until the earlier of:

(a) payment of the underlying debt determined under nonbankruptcy law, or

(b) discharge under 11 U.S.C. § 1328(a), at which time the lien will terminate and be released by the creditor.

For secured claims of governmental units, unless otherwise ordered, the value of a secured claim listed in a proof of claim filed in accordance with the Bankruptcy Rules controls over any contrary amount listed below.

| Name of Creditor | Monthly Adequate Protection Payment | Estimated Amount of Creditor's Total Claim | Collateral | Value of Collateral | Amount of Secured Claim | Interest Rate | Monthly Fixed Payment to Creditor | Monthly Fixed Payment to Begin |
|---|---|---|---|---|---|---|---|---|
| | | | | | | | | |

Case 19-81059-CRJ13    Doc 7    Filed 04/05/19    Entered 04/05/19 17:02:20    Desc Main
Document    Page 2 of 11

| Name of Creditor | Monthly Adequate Protection Payment | Estimated Amount of Creditor's Total Claim | Collateral | Value of Collateral | Amount of Secured Claim | Interest Rate | Monthly Fixed Payment to Creditor | Monthly Fixed Payment to Begin |
|---|---|---|---|---|---|---|---|---|
| Crescent Bank and Trust | $83.00 | $18,106.00 | 2016 Kia Rio | $8,312.50 | $8,312.50 | 6.00% | $228.17 | |

**3.3**     **Secured claims excluded from 11 U.S.C. § 506 and fully secured claims.** *Check one.*

      ☑     **None**. *If "None" is checked, the rest of § 3.3 need not be completed or reproduced.*

**3.4**     **Section 522(f) judicial lien and nonpossessory, nonpurchase-money ("Non-PPM") security interest avoidance.** *Check all that apply.*

      ☑     **None**. *If "None" is checked, the rest of § 3.4 need not be completed or reproduced.*

**3.5**     **Surrender of collateral.** *Check one.*

      ☐     **None**. *If "None" is checked, the rest of § 3.5 need not be completed or reproduced.*
      ☑     Debtor(s) elect to surrender to each creditor listed below the collateral that secures the creditor's claim. Debtor(s) request that upon confirmation of this plan, the stay under 11 U.S.C. § 362(a) be terminated as to the collateral only and that the stay under § 1301 be terminated in all respects. Any allowed unsecured claim resulting from the surrender of the collateral will be treated in Part 5 below.

| Name of Creditor | Collateral |
|---|---|
| Advance America | 2008 Kia Spectra |

## Part 4:   Treatment of Fees and Priority Claims

**4.1**     **General**

Trustee's fees will be paid in full. Except as set forth in § 4.5, allowed priority claims also will be paid in full, without interest.

**4.2**     **Chapter 13 case filing fee.** *Check one.*

      ☑ Debtor(s) intend to pay the Chapter 13 case filing fee through the plan.
      ☐ Debtor(s) intend to pay the Chapter 13 case filing fee directly to the Clerk of Court.

**4.3**     **Attorney's fees.**

The total fee requested by Debtor(s)' attorney is **$3,500.00**. The amount of the attorney fee paid prepetition is **$0.00**. The balance of the fee owed to Debtor(s)' attorney is **$3,500.00**, payable as follows (*check one*):

      ☐ $ at confirmation and $ per month thereafter until paid in full, or
      ☑ in accordance with any applicable administrative order regarding fees entered in the division where the case is pending.

**4.4**     **Priority claims other than attorney's fees and domestic support obligations.** *Check one.*

      ☑     **None**. *If "None" is checked, the rest of § 4.4 need not be completed or reproduced.*

**4.5**     **Domestic support obligations.** *Check one.*

      ☑     **None**. *If "None" is checked, the rest of § 4.5 need not be completed or reproduced.*

## Part 5:   Treatment of Nonpriority Unsecured Claims

**5.1**     **Nonpriority unsecured claims not separately classified.**

Case 19-81059-CRJ13    Doc 7    Filed 04/05/19    Entered 04/05/19 17:02:20    Desc Main
Document     Page 3 of 11

Allowed nonpriority unsecured claims that are not separately classified will be paid pro rata.

**5.2**     **Percentage, Base, or Pot Plan.** *Check one.*

- ☐   100% Repayment Plan. This plan proposes to pay 100% of each allowed nonpriority unsecured claim.
- ☐   Percentage Plan. This plan proposes to pay _____ % of each allowed nonpriority unsecured claim.
- ☐   Pot Plan. This plan proposes to pay $_____, distributed pro rata to holders of allowed nonpriority unsecured claims.
- ☑   Base Plan. This plan proposes to pay $ __**15,600.00**__ to the trustee (plus any tax refunds, lawsuit proceeds, or additional payments pursuant to §§ 2.3 and 2.4). Holders of allowed nonpriority unsecured claims will receive the funds remaining, if any, after disbursements have been made to all other creditors provided for in this plan

**5.3**     **Interest on allowed nonpriority unsecured claims not separately classified.** *Check one.*

- ☑   **None.** *If "None" is checked, the rest of § 5.3 need not be completed or reproduced.*

**5.4**     **Maintenance of payments and cure of any default on long-term nonpriority unsecured claims.** *Check one.*

- ☐   **None.** *If "None" is checked, the rest of § 5.4 need not be completed or reproduced.*

- ☑   Debtor(s) will maintain the contractual installment payments and cure any default in payments on the nonpriority unsecured claims listed below on which the last payment is due after the final plan payment. These payments will be disbursed either by the trustee or paid directly by Debtor(s), as specified below. The allowed claim for the arrearage amount will be paid in full and disbursed by the trustee. Unless otherwise ordered, the amounts listed on a proof of claim or amended proof of claim control over any contrary amount listed below as to the estimated amount of the creditor's total claim, current installment payment, and arrearage.

| Name of Creditor | Estimated Amount of Creditor's Total Claim | Current Installment Payment | Amount of Arrearage (if any) | Months Included in Arrearage | Monthly Fixed Payment on Arrearage | Monthly Fixed Payment on Arrearage to Begin |
|---|---|---|---|---|---|---|
| Dept of Ed / Nelnet | $31,386.00 | $0.00 (Currently Deferred) Disbursed by: ☐ Trustee ☑ Debtor(s) To begin: | $0.00 | | | |
| Dept of ED/Navient | $64,797.00 | $0.00 (Currently Deferred) Disbursed by: ☐ Trustee ☑ Debtor(s) To begin: | $0.00 | | | |
| Nelnet Loan Services | $15,997.00 | $0.00 (Currently Deferred) Disbursed by: ☐ Trustee ☑ Debtor(s) To begin: | $0.00 | | | |

**5.5**     **Other separately classified nonpriority unsecured claims.** *Check one.*

- ☑   **None.** *If "None" is checked, the rest of § 5.5 need not be completed or reproduced.*

**Part 6:**   **Executory Contracts and Unexpired Leases**

**6.1**     **The executory contracts and unexpired leases listed below are assumed, will be treated as specified, and any defaults cured.** *Check one.*

- ☑   **None.** *If "None" is checked, the rest of § 6.1 need not be completed or reproduced.*

Case 19-81059-CRJ13    Doc 7    Filed 04/05/19    Entered 04/05/19 17:02:20    Desc Main Document      Page 4 of 11

6.2    **The executory contracts and unexpired leases listed below are rejected:** *Check one.*

☐    **None.** *If "None" is checked, the rest of § 6.2 need not be completed or reproduced.*

☑    **Rejected items.**

| Name of Creditor | Description of Leased Property or Executory Contract |
|---|---|
| Aaron's, Inc. | Rent to Own Agreement - Reject |
| Aaron's, Inc. | Rent to Own Agreement - Reject |
| AT&T Mobility | Cell Phone Contract - Reject |
| Lamont Parker | Lease Agreement - Reject |
| T Mobile | Cell Phone Contract - Reject |

**Part 7:    Sequence of Payments**

7.1    **Unless otherwise ordered, the trustee will make the monthly payments required in Parts 3 through 6 in the sequence of payments set forth in the administrative order for the division in which this case is pending.**

**Part 8:    Vesting of Property of the Estate**

8.1    **Property of the estate will vest in Debtor(s)** *(check one)*:

☑    Upon plan confirmation.

☐    Upon entry of Discharge

**Part 9:    Nonstandard Plan Provisions**

☑    **None.** *If "None" is checked, the rest of Part 9 need not be completed or reproduced.*

**Part 10:    Signatures:**

**Signature(s) of Debtor(s) required.**

Signature(s) of Debtor(s) *(required)*:

X _____    Date    04-05-2019
Latarrious Creshawn Ellison

X _____    Date    4-5-2019
Chelie J'na Ellison

Signature of Attorney for Debtor(s):
X _____    Date    4/5/19
Brandon Nicholas Smith ASB-4256-C15G
908-C North Memorial Pkwy
Huntsville, AL 35801

**256-533-5097**

Name/Address/Telephone/Attorney for Debtor(s):

**By filing this document, Debtor(s), if not represented by an attorney, or the Attorney for Debtor(s) certif(ies) that the wording and order of the provisions in this Chapter 13 plan are identical to those contained in this district's Local Form, other than any nonstandard provisions included in Part 9.**

Software Copyright (c) 1996-2019 Best Case, LLC - www.bestcase.com

**IN THE UNITED STATES BANKRUPTCY COURT**
**FOR THE NORTHERN DISTRICT OF ALABAMA**

IN RE:  **Latarrious Creshawn**
    **Ellison**
    **Chelie J'na Ellison**
    Debtor.

CASE NO. _____

**CERTIFICATE OF SERVICE OF CHAPTER 13 PLAN CONTAINING VALUATION, LIEN AVOIDANCE, § 1301 CO-DEBTOR STAY RELIEF, OR CONTAINING A NON- STANDARD PROVISION REQUIRING RULE 7004 SERVICE**

Debtor(s)' chapter 13 plan dated __**4/5/19**__ (Doc. __) (check all that apply):

☑ seeks to value collateral and cram down one or more secured claims in Part 3.2
☐ seeks to avoid one or more liens in part 3.4
☐ requests termination of the § 1301 co-debtor stay in Part 3.5
☐ contains a nonstandard provision requiring Rule 7004 service

In accordance with Local Rule 3015-1(c), I certify that the creditors whose claims are affected have been served as follows:

| Creditor Name and Address<br>(If the creditor is an entity other than an Insured Depository Institution ("IDI")*, identify, by name and title, the officer, managing agent, general agent, or other agent authorized to receive process to whose attention service was made. If the entity is an IDI, identify, by name and title, the officer to whose attention service was made via certified mail.) | Method of Service |
|---|---|
| Crescent Bank & Trust<br>c/o CT Corporation System, Registered Agent<br>2 North Jackson St., Ste 605<br>Montgomery, AL 36104 | ☐ First Class Mail<br><br>☑ Certified Mail No. ___ |

* Most IDIs are banks, credit unions, or savings & loan associations.

In accordance with Local Rule 3015-1(c), I certify that the § 1301 co-debtor(s) who are subject to the termination of the § 1301 co-debtor stay have been served via First Class U.S. Mail as follows:

| Name and Address | Creditor | Collateral |
|---|---|---|
| | | |

Under penalty of perjury, I declare that the foregoing is true and correct.

_____
/Date

_____
Signature of Attorney for Debtor(s) or pro se Debtor(s)

Name/Address/Telephone/Email
**Brandon Nicholas Smith ASB-4256-C15G**
**908-C North Memorial Pkwy**
**Huntsville, AL 35801**
**256-533-5097**
**dezlaw@bellsouth.net**

# IN THE UNITED STATES BANKRUPTCY COURT
## FOR THE NORTHERN DISTRICT OF ALABAMA
## NORTHERN DIVISION

**IN RE:**

**LATARRIOUS CRESHAWN ELLISON**
**SSN: xxx-xx-3038**
**CHELIE J'NA ELLISON**
**SSN: xxx-xx-8145**

**CASE NO.: 19-_____-CRJ-13**

**CHAPTER 13**

     **DEBTORS.**

## AFFIDAVIT IN SUPPORT OF MOTION TO VALUE PERSONAL PROPERTY

STATE OF ALABAMA
COUNTY OF MADISON

Before me, a Notary Public in and for the State of Alabama at Large, did personally appear LATARRIOUS CRESHAWN ELLISON and CHELIE J'NA ELLISON, the Debtors in the above-styled cause, and being first made known to me, and being duly sworn by me, did state under oath as follows:

1.    Our names are LATARRIOUS CRESHAWN ELLISON AND CHELIE J'NA ELLISON. We are the owners of the 2016 KIA RIO in which CRESCENT BANK AND TRUST purportedly has a security interest.

2.    We offer this affidavit of our opinion of the value of the 2016 KIA RIO in support of our Motion To Value Property and Objection to Claim under Rule 9017 Federal Rules Of Bankruptcy Procedure and Rule 43 (e) of the Federal Rules of Civil Procedure.

3.    We have owned the 2016 KIA RIO for approximately 3 years. We have used the 2016 KIA RIO during the entire time that we have owned it. We have examined the 2016 KIA RIO and are familiar with their condition.

4.    We have an opinion of the value of the 2016 KIA RIO. In our opinion, the fair market value of the 2016 KIA RIO was $8,312.50 on April 5, 2019, the day our Chapter 13 case was filed. Our opinion is based upon ownership, use and knowledge of the condition of the 2016 KIA RIO. In forming our opinion we have also consulted materials which indicate what similar items of personal property are selling for in my geographical area, such as newspaper ads, shoppers and advertisements by retailers and individuals in classified advertising.

5.     We have also consulted the NADA Guide to Used Car Values for the issue dated closest to the filing of our petition in this case, in forming our opinion of the value of this 2016 KIA RIO.  Although we considered the Guide and it was a factor in the development of my opinion, we did not rely on the guide exclusively in forming my opinion.  The "midpoint" value under the NADA Guide to Used Car Values (halfway between trade-in and retail) was $8,312.50 on the day our Chapter 13 case was filed.

6.     We offer as evidence in support of our opinion herein expressed photocopied pages of the April, 2019 edition of the NADA Guide to Used Car Values, reflecting the average trade-in and retail prices for this 2016 KIA RIO for the Southeastern United States.  We have also attached the page of that edition that reflects the method of reducing or increasing the value based upon high or low mileage. We offer the NADA Guide extracts attached hereto in support of our opinion under Rule 803 (17) of the Federal Rules of Civil Procedure.

DATED THIS 5th day of April, 2019.

_____
LATARRIOUS CRESHAWN ELLISON

_____
CHELIE J'NA ELLISON

Sworn to and subscribed before me this 5th day of April, 2019.

_____
Notary Public

My comm. expires: _____

My Commission Expires:
October 30, 2019

# NADA VALUATION WORKSHEET

VEHICLE OWNER: _Latarrious + Chelie Ellison_

OWNED VEHICLE FOR APPROXIMATELY: _3 years_

YEAR: _2016_          MAKE: _Kia_

MODEL: _Rio_                VIN: _____

MONTH AND YEAR OF NADA USED: _4/2019_

NADA AVERAGE RETAIL: $ _9250_

NADA AVERAGE TRD-IN: $ _6625_

NADA "MIDPOINT": $ _7937.50_

**PLUS ADD-ONS:**

_Power Windows_          $ _200_

_Power Locks_            $ _175_

_____          $ _____

**LESS DEDUCTIONS:**

MILEAGE: _46000_          CATEGORY ( I ) II   III  IV

DEDUCT FOR MILEAGE      ☐ YES   ☒ NO

AMOUNT:                 $ _____

OTHER DEDUCTIONS:

_____          $ _____

_____          $ _____

**BANKRUPTCY VALUE:**    $ _8312.50_

| Body Type | Model Number | MSRP | Weight | Clean Loan | Clean Retail |
|---|---|---|---|---|---|
| **Mileage Class: II** | | | | | |
| Sedan 4D Premium | LB4 | 32290 | 3663 | 19800 | 25050 |
| Sedan 4D Premium Luxury | LC4 | 36290 | 3663 | 22275 | 27650 |
| Sedan 4D Technology | LC4 | 39290 | 3770 | 24800 | 30350 |
| Sedan 4D Limited | LC4 | 44690 | 3770 | 26725 | 32950 |

Trade-In/Loan — Retail
1400 | Add Power Sunroof (Premium) 600 | 675

| Body Type | Model Number | MSRP | Weight | Clean Loan | Clean Retail |
|---|---|---|---|---|---|
| **Mileage Class: I** | | | | | |
| Sedan 4D LX | DM4 | 14165 | 2494 | 7850 | 10550 |
| Sedan 4D EX | DN4 | 17755 | 2573 | 8775 | 11700 |
| Sedan 4D EX Eco | DN4 | 18355 | 2598 | 8950 | 11875 |
| Hatchback 5D LX | DN5 | 15495 | 2564 | 8050 | 10800 |
| Hatchback 5D EX | DN5 | 17905 | 2564 | 9000 | 11925 |
| Hatchback 5D EX L | DN5 | 18505 | 2601 | 9125 | 12100 |
| Hatchback 5D SX | DN5 | 20905 | 2732 | 10225 | 13400 |

Trade-In/Loan — Retail
Eco) | 350 400 | Add Power Windows (LX) 200 | 225
) | 700 | Ded W/out Automatic Trans. 675 | 675
175 | 200

| Body Type | Model Number | MSRP | Weight | Clean Loan | Clean Retail |
|---|---|---|---|---|---|
| **Mileage Class: I** | | | | | |
| Wagon 4D | JN2A2 | 15990 | 2864 | 10325 | 12800 |
| Wagon 4D + | JP3A5 | 19850 | 3163 | 11600 | 14300 |
| Wagon 4D ! | JX3AA | 22650 | 3232 | 14750 | 17975 |
| Wagon 4D EV-e | JP3AE | 22650 | 3289 | 12850 | 15775 |
| Wagon 4D EV | JP3AE | 33950 | 3289 | 13725 | 16775 |
| Wagon 4D EV + | JX3AE | 35950 | 3289 | 14875 | 18125 |

Trade-In/Loan — Retail
900 | Add Power Seat 275 | 325
EV +) | 300 350 | Add Power Sunroof 525 | 600
450 | 500 | Ded W/out Automatic Trans. 675 | 675
x. EV) | 525 600 | Ded W/out Cruise Control 200 | 200

| Body Type | Model Number | MSRP | Weight | Clean Loan | Clean Retail |
|---|---|---|---|---|---|
| **Mileage Class: I** | | | | | |
| Sedan 4D LX | FK4 | 16490 | 2804 | 8550 | 11675 |
| Sedan 4D LX Popular | FL4 | 18400 | 2844 | 8875 | 12050 |
| Sedan 4D LX | FL4 | 19200 | 2804 | 9300 | 12550 |
| Sedan 4D S | FL4 | 20690 | 2804 | 9125 | 12925 |
| Sedan 4D S Technology | FL4 | 23190 | 2804 | 10825 | 14375 |
| Sedan 4D EX | FL4 | 21200 | 2844 | 11075 | 14650 |
| Sedan 4D EX Premium Plus | FN4 | 25690 | 2844 | 12350 | 16125 |
| Hatchback 5D LX | FK5 | 18090 | 2928 | 9100 | 12325 |
| Hatchback 5D LX Popular | FX5 | 19890 | 2928 | 9725 | 13075 |
| Hatchback 5D EX | FX5 | 21990 | 2928 | 11175 | 14750 |
| Hatchback 5D EX Tech | FX5 | 25590 | 2928 | 12650 | 16475 |
| Hatchback 5D SX | FZ5 | 23890 | 2976 | 12825 | 16700 |
| Hatchback 5D SX Tech | FZ5 | 27290 | 3031 | 14325 | 18400 |

Trade-In/Loan — Retail
td. | 350 400 | Add Certified Pre-Owned 825
| Ded W/out Automatic Trans. 675 | 675

| Body Type | Model Number | MSRP | Weight | Clean Loan | Clean Retail |
|---|---|---|---|---|---|
| **Mileage Class: II** | | | | | |
| Sedan 4D LX | GT4L3 | 22200 | 3219 | 11600 | 15050 |
| Sedan 4D LX Turbo | GT4L1 | 24140 | 3224 | 12000 | 15525 |
| Sedan 4D EX | GU4L3 | 25440 | 3362 | 14750 | 18750 |
| Sedan 4D SX Turbo | GW4L2 | 29940 | 3494 | 16550 | 20925 |
| Sedan 4D SX-L Turbo | GV4L2 | 36090 | 3594 | 19000 | 23675 |
| Sedan 4D Hybrid | GT4LC | 25995 | 3486 | 13025 | 16725 |
| Sedan 4D SX Hybrid | GU4LC | 30890 | 3538 | 15575 | 19700 |
| Sedan 4D EX Plug-in Hybrid | GV4LD | 35210 | 3788 | 17050 | 21400 |

Trade-In/Loan — Retail
EX) | 3100 3450 | Add Navi (Std. EX Hybrid, SX) 575 | 650

| Rough Trade-In | Average Trade-In | Clean Trade-In | Body Type | Model Number | MSRP | Weight | Clean Loan | Clean Retail |
|---|---|---|---|---|---|---|---|---|

Add Technology Pkg. (EX Hybrid) 1500 1675 | Add Power Seat (Std. EX) 300 | 350
Add Technology Pkg. (SX Base) 2100 2350 | Add Power Sunroof (Std. 575 | 650
Add Certified Pre-Owned 1050 | Technology, Premium Plus)
Add Leather Seats (LX Turbo) 550 625

**2017 CADENZA-V6** — Mileage Class: II

| Body Type | Rough | Average | Clean | Model Number | MSRP | Weight | Clean Loan | Clean Retail |
|---|---|---|---|---|---|---|---|---|
| Sedan 4D Premium | 16025 | 17375 | 18475 | L84 | 31990 | 3633 | 16650 | 21375 |
| Sedan 4D Premium Luxury | 17750 | 19125 | 20250 | LC4 | 34990 | 3633 | 18225 | 23225 |
| Sedan 4D Technology | 20375 | 21800 | 22550 | LC4 | 38990 | 3770 | 20675 | 26025 |
| Sedan 4D Limited | 21075 | 22500 | 23650 | LC4 | 44390 | 3770 | 21300 | 26750 |

Trade-In/Loan — Retail
Add Certified Pre-Owned 1275 | Add Power Sunroof (Premium) 575 | 650

**2017 K900-V6** — Mileage Class: IV

| Body Type | Rough | Average | Clean | Model Number | MSRP | Weight | Clean Loan | Clean Retail |
|---|---|---|---|---|---|---|---|---|
| Sedan 4D Premium | 18575 | 20675 | 22450 | LT4D3 | 49900 | 4297 | 20225 | 25525 |
| Sedan 4D Luxury | 19950 | 22100 | 23900 | LU4D3 | 54990 | 4297 | 21525 | 27050 |
| Sedan 4D Luxury (V8) | 22100 | 24300 | 26150 | LV4D4 | 61900 | 4610 | 23550 | 29400 |

Add VIP Pkg. (Luxury V6) 2600 2900 | Add Certified Pre-Owned 1425
Add VIP Plus Pkg. (Luxury V8) 2700 3000

**2016 RIO-4 Cyl.** — Mileage Class: I

| Rough | Average | Clean | Body Type | Model Number | MSRP | Weight | Clean Loan | Clean Retail |
|---|---|---|---|---|---|---|---|---|
| 5675 | 6625 | 7400 | Sedan 4D LX | DM4 | 14165 | 2573 | 6675 | 9250 |
| 6550 | 7550 | 8350 | Sedan 4D EX | DN4 | 17755 | 2656 | 7525 | 10275 |
| 6650 | 7650 | 8450 | Sedan 4D EX Eco | DN4 | 18355 | 2656 | 7625 | 10400 |
| 7900 | 8925 | 9750 | Sedan 4D SX | DN4 | 20755 | 2729 | 8775 | 11800 |
| 5775 | 6725 | 7500 | Hatchback 5D LX | DN5 | 15495 | 2573 | 6750 | 9375 |
| 6650 | 7650 | 8450 | Hatchback 5D EX | DN5 | 17905 | 2656 | 7625 | 10400 |
| 6750 | 7750 | 8550 | Hatchback 5D EX Eco | DN5 | 18505 | 2656 | 7700 | 10500 |
| 7975 | 9025 | 9850 | Hatchback 5D SX | DN5 | 20905 | 2729 | 8875 | 11900 |

Trade-In/Loan — Retail
Add Alum/Alloy Wheels (LX, Eco) | 350 400 | Add Power Windows (LX) 200 | 225
Add Certified Pre-Owned 675 | Ded W/out Automatic Trans. 675 | 675
Add Power Door Locks (LX) 175 | 200

**2016 SOUL-4 Cyl.** — Mileage Class: I

| Rough | Average | Clean | Body Type | Model Number | MSRP | Weight | Clean Loan | Clean Retail |
|---|---|---|---|---|---|---|---|---|
| 8075 | 9125 | 9975 | Wagon 4D | JN2A2 | 15690 | 2714 | 9000 | 11625 |
| 9700 | 10800 | 11675 | Wagon 4D + | JP3A5 | 19850 | 2837 | 10625 | 13450 |
| 11675 | 12800 | 13725 | Wagon 4D ! | JX3A5 | 21090 | 2837 | 13375 | 15600 |
| 9300 | 10375 | 11250 | Wagon 4D EV-e | JN3AE | 31950 | 3289 | 11325 | 13000 |
| 10500 | 11600 | 12500 | Wagon 4D EV | JX3AE | 33950 | 3289 | 11250 | 14300 |
| 11350 | 12475 | 13375 | Wagon 4D EV + | JX3AE | 35950 | 3289 | 12050 | 15225 |

Trade-In/Loan — Retail
Add Certified Pre-Owned 850 | Add Power Seat (Std. l) 275 | 325
Add Infinity Stereo System 300 | 350 | Add Power Sunroof 525 | 600
Add Leather Seats (Std. l, EV +) 450 | 500 | Ded W/out Automatic Trans. 675 | 675
Add Navigation System (Ex. EV) 450 | 500 | Ded W/out Cruise Control 200 | 200

**2016 FORTE-4 Cyl.**

| Rough | Average | Clean | Body Type | Model Number | MSRP | Weight | Clean Loan | Clean Retail |
|---|---|---|---|---|---|---|---|---|
| 8100 | 9150 | 10000 | Coupe 2D EX | FX6 | 19890 | 2871 | 9000 | 12300 |
| 9775 | 10875 | 11750 | Coupe 2D EX Tech | FZ6 | 24390 | 2871 | 10575 | 14175 |
| 9425 | 10500 | 11375 | Coupe 2D SX | FZ6 | 20690 | 2925 | 10250 | 13775 |
| 11100 | 12225 | 13125 | Coupe 2D SX Tech | FK6 | 25390 | 2982 | 11825 | 15625 |
| 6875 | 7825 | 8875 | Sedan 4D LX | FK4 | 15990 | 2804 | 7825 | 10875 |
| 7075 | 8075 | 8900 | Sedan 4D LX Popular | FK4 | 18700 | 2844 | 8025 | 11125 |
| 8400 | 9450 | 10300 | Sedan 4D EX | FX4 | 19990 | 2906 | 9275 | 12625 |
| 9725 | 10825 | 11700 | Sedan 4D EX Premium | FZ4 | 22990 | 2906 | 10550 | 14125 |
| 11200 | 11300 | 12175 | Sedan 4D EX Premium Plus | FZ4 | 24990 | 2906 | 10975 | 14625 |
| 7150 | 8150 | 8975 | Hatchback 5D LX | FK5 | 19400 | 2912 | 8100 | 11200 |
| 8875 | 9950 | 10800 | Hatchback 5D EX | FX5 | 20390 | 2912 | 9725 | 13075 |
| 10575 | 11675 | 12575 | Hatchback 5D EX Tech | FX5 | 24890 | 2912 | 11325 | 15050 |
| 9425 | 10500 | 11375 | Hatchback 5D SX | FZ5 | 20990 | 2912 | 10250 | 13775 |
| 11375 | 12500 | 13400 | Hatchback 5D SX Tech | FZ5 | 25190 | 2970 | 12075 | 15900 |

Trade-In/Loan — Retail